UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS J. FLANNERY,<br>Defendant. | CR No. 11-79-M |

ORDER

This Court sentenced Thomas Flannery to 151 months in prison after calculating a Guidelines range of 151–188 months. The Court determined that Mr. Flannery qualified as a career offender based in part on three prior convictions for Massachusetts Armed Robbery and two prior convictions for Massachusetts Unarmed Robbery. In *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause as unconstitutionally vague, and in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court made the *Johnson* ruling retroactive on collateral review. Following the *Johnson II* ruling, Mr. Flannery filed a petition for habeas relief pursuant to 28 USC § 2255 and argues that his prior offenses for Armed Robbery and Unarmed Robbery in violation of Massachusetts law cannot satisfy the force clause and, therefore, no longer qualify as predicate offenses. The Court agrees with Mr. Flannery and the holdings of the Ninth Circuit, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), and the District of Massachusetts, *United States v. Dubose*, No. CR 04-10291-RGS, 2016 WL 7365166 (D. Mass. Dec. 19, 2016).

The first question is whether Massachusetts Armed and Unarmed Robbery are divisible or indivisible—that is, whether "use of force" and "threatened force" are means or elements. The Government does not advance an argument that the offenses are divisible, and the Court does not find that they are. A distinguishing feature between elements and means is the need for a jury finding: "[J]urors must unanimously find that the government proved all 'elements' of an offense beyond a reasonable doubt to convict a defendant." *United States v. Tavares*, 843 F.3d 1, 15 (1st Cir. 2016). Under Massachusetts law, a jury does not need to make a finding for the force component—whether the defendant used force or threatened force. *See Commonwealth v. Santos*, 797 N.E.2d 1191, 1194–95 (Ma. 2003) ("The verdict slip for the armed robbery indictment was in the form of a general verdict, and thus did not specify . . . which form of 'assault' had been used to perpetrate the armed robbery. The judge committed no error."), *overruled on other grounds by Commonwealth v. Anderson*, 963 N.E.2d 704 (Ma. 2012). Therefore, the Court finds the offenses indivisible and applies the categorical approach.

Massachusetts defines unarmed robbery as a larceny with the added element of "force and violence" or "assault and putting in fear." Mass. Gen. Laws Ch. 265, § 19(b); *see also Commonwealth v. Sheppard*, 537 N.E.2d 583, 585 (Ma. 1989) ("[T]he exertion of force, actual or constructive, remains the principal distinguishing characteristic between a robbery and the underlying larceny."). That is, an unarmed robbery requires the use of force or threat of force. An armed robbery

adds the element of "being armed with a dangerous weapon." Mass. Gen. Laws Ch. 265, § 17.

Let us turn to a red herring—the dangerous weapon requirement. In considering whether Massachusetts Assault with a Dangerous Weapon (ADW) qualifies as a "violent felony," the First Circuit examined the effect a "dangerous weapon" has on the force clause calculus. *United States v. Whindleton*, 797 F.3d 105 (1st Cir. 2015). While the *Whindleton* Court held that the dangerous weapon element elevated the force of a simple assault to a level that comports with *Johnson I*, the assault in Massachusetts ADW must be committed by "*means* of a dangerous weapon." *Id.* at 112 (emphasis added); *see also United States v. Fields*, 823 F.3d 20, 35 (1st Cir. 2016) (applying the *Whindleton* holding to the definition of "crime of violence"). In stark contrast, the dangerous weapon in Massachusetts Armed Robbery need not even be displayed. *King v. MacEachern*, 665 F.3d 247, 253 (1st Cir. 2011); *see also Commonwealth v. Chapman*, 186 N.E.2d 818, 821 (Ma. 1962) (finding no error with the instruction, "[I]t isn't necessary in order to find the defendant guilty of this offense, to find that the gun, the weapon, played any part—direct part in this operation"). As such, the mere possession of a secreted dangerous weapon during the commission of a robbery can and is distinguished from the use of a dangerous weapon during an assault.[1]

---

[1] The Government apparently concedes this point in other briefing. Brief for Appellee at 27, *United States v. Edwards*, No. 15-1874 (1st Cir. Aug. 8, 2016) (concluding that "the two crimes (armed and unarmed robbery) are identical for purposes of the force clause under the ACCA").

Determining whether unarmed and armed robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), may seem like a straightforward answer because, after all, the elements require proof of force or threat of force. But an examination of Massachusetts law and "lawyerly gobbledygook" instructs us otherwise. *Dubose*, 2016 WL 7365166, at *3. The Massachusetts Supreme Judicial Court has defined use of force in a negligible way such that purse snatching suffices. *Commonwealth v. Jones*, 283 N.E.2d 840, 844–45 (Ma. 1972). The force exerted in the removal of a purse from a victim's person, though, simply does not equate to force "capable of causing physical pain or injury to another person." *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010).

Now, the impetuous reader of First Circuit precedent may believe that this Court's finding is in contravention to *United States v. Luna*, 649 F.3d 91 (1st Cir. 2011). To be sure, *Luna* stated that "both versions [of MA Armed Robbery] are proper ACCA predicates." *Id.* at 108 n.18. The issue briefed and analyzed by the First Circuit, however, only concerned the "threat of force" component, and any verbiage concerning the "use of force" component was dicta.[2] The defendant in *Luna* did not argue that the "use of force" component fails to satisfy the force clause,

---

[2] The challenge to Massachusetts Armed Robbery came in the wake of *Johnson I* and tested the bounds of the force requirement as applied to threats of force. Brief for Appellant at 64, *United States v. Luna*, 649 F.3d 91 (1st Cir. 2011) (No. 09-2263) ("The elements of armed robbery can be met where the defendant, while armed, 'by threatening words or gestures, puts the victim in fear'. Thus violent force is not a necessary element.").

and the First Circuit did not consider Massachusetts case law.[3] At any rate, *Luna* was decided prior to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and subsequent First Circuit cases, such as *United States v. Fish*, 758 F.3d 1 (1st Cir. 2014), which held that courts must look to the "most innocent conduct" criminalized under a statute when employing the categorical method. More persuasively, but once again dictum, the First Circuit rejected the notion that a robbery statute that may be satisfied by "the slightest use of force" has the requisite force under *Johnson I*. *United States v. Castro-Vazquez*, 802 F.3d 28, 37 (1st Cir. 2015). Accordingly, *Luna* does not hogtie the Court's analysis of force.

## CONCLUSION

The Court finds that Massachusetts Armed Robbery and Unarmed Robbery are indivisible and that the offenses sweep too broadly in covering conduct that does not satisfy the force clause. Accordingly, Massachusetts Armed Robbery and Unarmed Robbery do not qualify as crimes of violence. After striking Mr. Flannery's convictions for Massachusetts Armed Robbery and Unarmed Robbery, he does not have the requisite offenses for the career-offender classification. For this reason, the Court intends to vacate Mr. Flannery's sentence and resentence him in accordance with today's order.

---

[3] Without more, the First Circuit concluded, "Luna has also provided no reason for us to conclude that the type of force involved in armed robbery is not 'violent force—that is, force capable of causing physical pain or injury,' and we see no reason to do so." *United States v. Luna*, 649 F.3d 91, 108–09 (1st Cir. 2011) (citation omitted).

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

February 1, 2017